AUSTIN B. WATTLES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wattles v. Commissioner
Docket No. 9104-74.
United States Tax Court
T.C. Memo 1976-217; 1976 Tax Ct. Memo LEXIS 187; 35 T.C.M. (CCH) 947; T.C.M. (RIA) 760217; July 8, 1976, Filed Austin B. Wattles, pro se. John O. Tannenbaum, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: The Commissioner determined the following deficiencies in income tax and additions to tax against petitioner Austin B. Wattles: Additions to Tax, I.R.C. 1954
Section
Section
Section Year
Deficiency
6651 (a) (1)
6651(a) (2)
6653 (a)
Sec. 6654
1971
$ 372.00
$ 16.40
$ 9.36
$18.60
1972
1,988.85
302.95
94.25
99.44
$37.95
1973
1,224.00
79.99
8.89
61.20
25.77 The Commissioner now concedes the section 6651 (a) (2) additions to tax. Mr. Wattles and his wife are Quakers. They hold deep convictions against the conduct of war and feel that tax resistance is *188 an acceptable means of fostering social change. Moved by strong moral, religious, political and social beliefs, they filed no income tax returns, individually or jointly, for any of the years 1971-1973. During the tax years Mr. and Mrs. Wattles were employed as youth directors by Powell House, a Quaker institution in Old Chatham, New York. Powell House paid them for their services by means of checks made payable to Mr. Wattles. It reported their earnings and the amounts withheld therefrom on W-2 (withholding) forms which also bore only Mrs, Wattles' name. Based on the W-2 forms filed by Powell House the Commissioner determined the deficiencies against Mr. Wattles here in dispute. He concluded that, as shown on those forms, Mr. Wattles received wages and other compensation in the amounts of $3,520.22, $11,031.60, and $8,116 during the years 1971, 1972, and 1973, respectively. The deficiencies for 1971 and 1973 were computed apparently using the tax tables, allowing a single dependency exemption for the taxpayer. As to 1972, the Commissioner computed the tax by allowing the standard deduction of $1,000 and one $750 exemption. Notwithstanding petitioner's deeply held convictions *189 and the reasons he expressed at the trial for refusing to file income tax returns, it has been firmly established that these considerations may not properly be used under our laws as a reason for refusing to pay taxes. Cf. ; ; ; ; (C.A. 9), certiorari denied ; (C.A. 3), certiorari denied ; (C.A. 5); (C.A. 10), certiorari denied ; (M.D. Tenn.), affirmed (C.A. 6), certiorari denied . However, it became apparent during the trial that the deficiencies determined by the Commissioner were excessive in two respects. In the first place, only one-half of the income charged to Mr. Wattles *190 was properly attributable to him. It seems that petitioner and his wife worked together as a "team" for Powell House, and the earnings appearing on